**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-0710-GPG

**DEAN D HACKBORN**, Inmate No.130945,

    Plaintiff,

v.

**PAULA J. FRANZ**, MD;
**CATHIE HOLST**;
**BERNADETTE SCOTT**, A.I.C. Coordinator,

    Defendants.

**ORDER DIRECTING PLANTIFF TO FILE AMENDED COMPLAINT**

Plaintiff, Dean D Hackborn, is a prisoner in the custody of the Colorado Department of Corrections.  Mr. Hackborn initiated this action by filing *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 claiming his rights were violated in 2006 through 2009.  He seeks damages as relief.

The Court must construe the complaint liberally because Plaintiff is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.  As part of the court's review pursuant to D.C.COLO.LCivR 8.1(b), the court has determined that the operative complaint is deficient.  For the reasons stated below, Plaintiff will be directed to file an amended complaint.

The complaint is deficient because it does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a

complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the Court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes.  *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).  Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate Rule 8.

Claims must be presented clearly and concisely in a manageable format that allows a court and a defendant to know what claims are being asserted and to be able to respond to those claims.  *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis."  *Id.*

The Court has reviewed the Complaint and finds that Plaintiff fails to provide a short and plain statement of his claims in compliance with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Plaintiff fails to provide a short and plain

statement of his claim showing he is entitled to relief because he fails to provide specific factual allegations in support of his claims.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion.  See Atkins v. Northwest Airlines, Inc., 967 F.2d 1197, 1203 (8th Cir. 1992); Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969).  The Court, however, will give Plaintiff an opportunity to cure the deficiencies in the Complaint by submitting an Amended Complaint that meets the requirements of Fed. R. Civ. P. 8.

Plaintiff is required to assert personal participation by properly named defendants in the alleged constitutional violation.  See Bennett v. Passic, 545 F.2d 1260, 1262-63 (10th Cir. 1976).  To establish personal participation, Plaintiff must show in the Cause of Action section of the complaint form how each named individual caused the deprivation of a federal right.  See Kentucky v. Graham, 473 U.S. 159, 166 (1985).  There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise.  See Butler v. City of Norman, 992 F.2d 1053, 1055 (10th Cir. 1993).

Furthermore, **TO STATE A CLAIM IN FEDERAL COURT PLAINTIFF MUST EXPLAIN (1) WHAT A DEFENDANT DID TO HIM; (2) WHEN THE DEFENDANT DID IT; (3) HOW THE DEFENDANT'S ACTION HARMED HIM; AND (4) WHAT SPECIFIC LEGAL RIGHT THE DEFENDANT VIOLATED AS TO EACH AND EVERY CLAIM.** Nasious v. Two Unknown B.I.C.E. Agents, 492  F.3d 1158, 1163 (10th Cir. 2007) (noting that, to state a claim in federal court, "a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated"). Accordingly,

in the Amended Complaint, Plaintiff must allege specific facts to show how each named Defendant personally participated in an alleged deprivation of his constitutional rights.

A defendant also may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  Furthermore,

> when a plaintiff sues an official under *Bivens* or § 1983 for conduct "arising from his or her superintendent responsibilities," the plaintiff must plausibly plead and eventually prove not only that the official's subordinates violated the Constitution, but that the official by virtue of his own conduct and state of mind did so as well.

*Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 677).  Therefore, in order to succeed against a government official for conduct that arises out of his or her supervisory responsibilities, a plaintiff must allege and demonstrate that: "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Id.* at 1199.  Therefore, Plaintiff should name as Defendants only those persons he contends actually violated his federal rights while acting under color of law.

Mr. Hackborn alleges that he was denied adequate medical care in 2006 through 2009.  The statute of limitations is an affirmative defense.  *See* Fed. R. Civ. P. 8(c)(1).  However, the court may dismiss a claim *sua sponte* on the basis of an affirmative defense if the defense is "obvious from the face of the complaint" and "[n]o further factual record [is] required to be developed in order for the court to assess the [plaintiff's] chances of success." *Yellen v. Cooper*, 828 F.2d 1471, 1476 (10th Cir. 1987);

see also *Fratus v. DeLand*, 49 F.3d 673, 676 (10th Cir. 1995) (stating that dismissal under § 1915 on the basis of an affirmative defense is permitted "when the claim's factual backdrop clearly beckons the defense").

"Congress did not establish a statute of limitations or a body of tolling rules applicable to actions brought in federal court under § 1983." *Board of Regents v. Tomanio*, 446 U.S. 478, 483 (1980). Therefore, the court must borrow "the state law of limitations governing an analogous cause of action." *Id.* at 483-84. In most § 1983 actions, "a state statute of limitations and the coordinate tolling rules" are "binding rules of law." *Id.* at 484. The same is true for claims under the Americans With Disabilities Act. *Rhodes v. Southern Nazarene University*, 554 F. App'x 685, 691 (10th Cir. 2014).

The applicable statute of limitations for a § 1983 and ADA claim in Colorado is two years. *See Blake v. Dickason*, 997 F.2d 749, 750-51 (10th Cir. 1993). "Although state law determines the applicable statute of limitations period, federal law governs the particular point in time at which a claim accrues." *Kripp v. Luton*, 466 F.3d 1171, 1175 (10th Cir. 2006). Under federal law, a § 1983 claim accrues "when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Id.* (internal quotation marks omitted).

Mr. Hackborn specifically alleges that the incidents about which he complains occurred on or before 2009. He filed this lawsuit on August 7, 2015. Accordingly, he cannot recover for any incidents that occurred on or before August 7, 2013.

The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Therefore, Plaintiff must file an amended complaint if he wishes to pursue his claim in this action.  Accordingly, it is

**ORDERED** that **within thirty days from the date of this Order**, Plaintiff shall file an amended complaint that complies with this Order.  It is

**FURTHER ORDERED** that Plaintiff shall obtain the Court-approved Complaint form, along with the applicable instructions, at www.cod.uscourts.gov, to be used in filing the amended complaint.  It is

**FURTHER ORDERED** that if Plaintiff fails to comply with this Order within the time allowed the Court will dismiss the action without further notice.

DATED October 21, 2015, at Denver, Colorado.

                                            BY THE COURT:

                                            /s Gordon P. Gallagher
                                            Gordon P. Gallagher
                                            United States Magistrate Judge